NUMBER 13-05-00334-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


STEPHEN WHITE, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 130th District Court of Matagorda County, Texas.


 


MEMORANDUM OPINION



Before Justices Hinojosa, Rodriguez, and Garza


Memorandum Opinion by Justice Hinojosa



 After appellant, Stephen White, pleaded guilty before a jury to two counts of
aggravated sexual assault of a child, the jury found him guilty of both counts. Prior to the
introduction of evidence at the punishment phase of the trial, appellant objected to the
introduction of statements he made to a district attorney's investigator. After an evidentiary
hearing outside the presence of the jury, the trial court denied appellant's objection and
allowed the investigator to testify. The jury assessed appellant's punishment at seventy-five years' imprisonment and a $10,000 fine for each count. In a single issue, appellant
contends the trial court erred in denying his objection to the introduction of the statements
because the investigator violated his Sixth Amendment right to counsel. We affirm.

A. Factual Background


 On March 15, 2004, Susan Maxwell, an investigator with the Matagorda County
District Attorney's Office, drove to the mobile-home park where appellant resided to
observe and photograph the area in preparation for trial. When Maxwell arrived, she
observed appellant, who was out on bond, sitting in front of his home watching several
young girls in bathing suits wading in water nearby. After she stopped and warned the
children's parents about appellant, Maxwell noticed that appellant had gone inside his
home. Maxwell approached appellant's mobile home and knocked on the door. When
appellant answered, Maxwell noticed that appellant was zipping up his pants and had an
obvious erection. Maxwell then asked appellant: "What are you doing looking at these
children?" Appellant invited Maxwell inside his home, and Maxwell entered to see whether
a child might be inside. Maxwell was inside the home for less than five minutes. During
that time period, appellant stated:

Take me to jail . . . . I need to go to jail for life. I'm out of control. I can't
control these feelings or urges.


During the conversation, appellant told Maxwell that he had a problem with young girls, and
offered to commit the offense of possession of marihuana in order to get arrested. Maxwell
finished her conversation with appellant and departed. At no time did Maxwell attempt to
make an arrest.

 After appellant pleaded guilty to both counts, but prior to the introduction of evidence
at the punishment phase of trial, appellant objected to the introduction of the statements
he made to Maxwell on the grounds that (1) he was in custody, and (2) the statements did
not comply with article 38.22 of the Texas Code of Criminal Procedure. See Tex. Code
Crim. Proc. Ann. art. 38.22 (Vernon 2005). The trial court conducted an evidentiary
hearing outside the presence of the jury, and ruled that the statements could be presented
to the jury during the punishment phase of the trial. Maxwell then testified regarding
appellant's statements without further objection. Appellant's written confessions were also
admitted into evidence. 

 Appellant testified before the jury. Appellant admitted that he had (1) photographed
the child victim's genitals, (2) put his mouth on her sexual organ, and (3) touched her
vagina with his penis. The jury also heard testimony from appellant's sister, the child
victim's mother, and others regarding appellant's sexual attraction to young girls.

B. Discussion

 Appellant contends the trial court erred in allowing Maxwell to testify regarding the
statements he made to her at his home because Maxwell violated his Sixth Amendment
right to counsel.

 At trial, appellant objected that the statements he made to Maxwell did not comply
with article 38.22 of the code of criminal procedure. See Tex. Code Crim. Proc. Ann. art.
38.22 (Vernon 2005). On appeal, appellant contends that Maxwell violated his Sixth
Amendment right to counsel. It is well settled that the legal basis of a complaint raised on
appeal cannot vary from that raised at trial. Heidelberg v. State, 144 S.W.3d 535, 537
(Tex. Crim. App. 2004).

 It is also a well-settled principle that to preserve error for review on appeal, a
defendant must object timely, specifically, and receive an adverse ruling at trial. Tex. R.
App. P. 33.1(a); Turner v. State, 805 S.W.2d 423, 431 (Tex. Crim. App. 1991). The
objecting party must continue to object each time the objectionable evidence is offered. 
Fuentes v. State, 991 S.W.2d 267, 273 (Tex. Crim. App. 1999). In the absence of any
objection and a ruling on the objection, error is not preserved. See Tex. R. App. P. 33.1(a).

 At trial, appellant not only failed to object, but he completely failed to mention the
claim he now makes on appeal that Maxwell violated his Sixth Amendment right to counsel. 
Accordingly, we conclude that error is not preserved for our review. See id. Appellant's
sole issue is overruled.

 The judgment of the trial court is affirmed.


 FEDERICO G. HINOJOSA

 Justice


Do not publish. See Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed this

the 17th day of August, 2006.